**JAY LAWRENCE FRIEDHEIM #4516**
**JOHN R. REMIS, JR. #4593**
**Admiralty Advocates**®
866 Iwilei Road, Suite 201
Honolulu, Hawaii  96817
Telephone No.  (808) 545-5454
Fax   No. (808) 528-1818
Emails: jay@admiraltyadvocates.com
remis@admiraltyadvocates.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUPITA EMERT,<br>            Plaintiff,<br>vs.<br><br>HAWAIIAN AIRLINES, INC., . JOHN DOES 1-20; MARY DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATES 1-20; DOE GOVERNMENTAL AGENCIES 1-20; and OTHER ENTITIES 1-20<br><br>            Defendants. | ) CIVIL NO. 17- 196<br>)<br>)<br>) COMPLAINT; DEMAND FOR<br>) JURY  SUMMONS |

COMPLAINT

A	JURISDICTION

1.	Jurisdiction is asserted pursuant to Title 28 U.S.C. §1332, for civil actions where there is complete diversity of citizenship between the party litigants and damages are in excess of $75,000.

2.	Venue is asserted pursuant to Title 28, USC §1391(b)(1) & (2).

3.	PLAINTIFF  LUPITA EMERT is and at all times relevant was a

citizen of the state of California, residing in the City of Menlo Park

    4.    DEFENDANT HAWAIIAN AIRLINES, INC., is and at all times relevant was incorporated in the State of Delaware with its principal place of business in the State of Hawaii. Defendant is a common carrier and transports members of the public from certain cities by airplane for a fee.

    5.    Defendants John Does 1-20, Jane Does 1-20, Doe Partnerships 1-20, Doe Corporations 1-20, Doe Associates 1-20, Doe Governmental Agencies 1-20, and Other Entities 1-20 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to plaintiff except that they are connected in some manner with the named defendants and/or were their agents, servants, employees, employers, representatives, co-venturer, associates, vendors, suppliers, manufacturers, sub-contractors or contractors and/or owners, lessees, assignees, licensee, designers, and architects of the named defendants and/or were in some manner presently unknown to plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to plaintiff and/or manufactured and/or designed and/or places on the market a product which was defective, which defect was a proximate cause of injuries or damages to plaintiff and/or inspected and/or maintained and/or controlled some object or product or premises in a negligent manner, which negligence was proximate cause of injuries or damages to plaintiff and/or conducted some activity in negligent or dangerous manner, which negligent or dangerous conduct was a proximate cause of injuries or damages to plaintiff and/or were in some manner related to the named defendants and that their "true names, identities, capacities, activities and/or responsibilities" are presently unknown to plaintiff or their attorneys.  When the true names and capacities are ascertained, plaintiff asks leave to amend this Complaint to state the true names.

B.    FACTS

    7.    On May 1st, 2015 Plaintiff was aboard Flight 24 which left Kahului Airport on the island Maui, Hawaii for Oakland, California.

8.    Soon after its departure the plane returned to the Maui Airport for an emergency landing due to odor of fumes in the cabin.

9.    Plaintiff was injured after being forced to evacuate the plane by means of an emergency slide. In the process of doing so, she was seriously injured after sliding and falling onto the concrete

10.    On May 1st, 2015 Plaintiff was aboard Flight 24 which left Kahului Airport on the island Maui, Hawaii for Oakland, California.

11.    Soon after its departure the plane returned to the Maui Airport for an emergency landing due to odor of fumes in the cabin.

12.    Plaintiff was injured after being forced to evacuate the plane by means of an emergency slide.

13.    In the process of doing so, she was seriously injured after sliding and falling onto the concrete.

C    FIRST CAUSE OF ACTION NEGLIGENCE

14.    As a common carrier, Defendant Hawaiian Airlines owed Plaintiff Emert a duty of utmost care and the vigilance of a very cautious person. Further, as a common carrier, Defendant Hawaiian Airlines was required to do all that human sagacity and foresight can do, under the circumstances, in view of the character and mode of conveyance adopted, to prevent injury to its passengers, including Plaintiff Emert.

15.    Defendant's breach of such obligations constitutes negligence, gross negligence, and willful and reckless disregard for the rights and safety of Plaintiff Emert.

16.    The defendants failed to properly instruct and warn the plaintiff of proper use of the slide and of the dangers.

17.    The Defendants failed to properly deploy and use the slide.

18. As a legal and proximate cause of Defendants' wrongful conduct, Plaintiff has sustained injuries and damages in a total amount exceeding $75,000.

D   SECOND CAUSE OF ACTION - NEGLIGENT INFLICTION OF MENTAL DISTRESS

19. Plaintiff realleges and reavers Paragraphs 1 - 18 of the common allegations and the first and second causes of action and incorporates them herein by reference.

20. The Defendant owed plaintiff a duty to avoid negligently inflicting mental distress upon her.

21. Defendant breached this duty through the negligent conduct of Defendant .

22. Defendant's negligence proximately caused the infliction of mental distress upon the plaintiff.

23. As a direct and proximate result of the negligent conduct of defendant, plaintiff suffered injury, specifically extreme shock, horror, anxiety, fear and terror.

E   DAMAGES

24. As a consequence of Defendants' negligence, plaintiff sustained and will continue to sustain significant physical injury and general disability, pain, suffering mental anguish and humiliation, lost past wages and reduced future earning capacity, diminished enjoyment of and ability to enjoy life, and has incurred and will incur costs for medical care and treatment. The nature and extent of these damages will be set forth more fully at trial.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants, jointly and severally, as follows:

   a. That Plaintiff be awarded special, general and punitive damages in amounts to be proven at trial;

   b   That Plaintiff be awarded prejudgment and post judgment interest;

      c      That Plaintiff be awarded the costs of litigation and attorneys' fees; and,

      d. That Plaintiff have such additional and further relief deemed just and appropriate under the circumstances.

DATED: Honolulu, Hawaii, April 28, 2017

/S/ Jay Law. Friedheim

JAY LAWRENCE FRIEDHEIM
JOHN R. REMIS, JR.
Attorneys for Plaintiff

========================================================================
LUPITA EMERT, Plaintiff, vs. HAWAIIAN AIRLINES, INC., . JOHN DOES 1-20; MARY DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ASSOCIATES 1-20; DOE GOVERNMENTAL AGENCIES 1-20; and OTHER ENTITIES 1-20 Defendants.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUPITA EMERT,<br>                Plaintiff,<br>vs.<br>HAWAIIAN AIRLINES, INC.<br>                Defendants. | CIVIL NO. 17-196<br><br>DEMAND FOR JURY |

DEMAND FOR JURY

Comes now Plaintiff and hereby demands a jury trial on all counts so triable herein.

DATED: Honolulu, Hawaii, April 28, 2017

/S/ Jay Law. Friedheim

JAY LAWRENCE FRIEDHEIM
JOHN R. REMIS, JR.
Attorneys for Plaintiff